**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| David A. Bardes, individually, as a taxpayer,    ) | |
|    ) | |
| Plaintiff,    ) | |
|    ) | C.A. No.: 2:10-559-PMD |
| v.    ) | |
|    ) | |
| State of South Carolina, and    ) | |
| John M. Magera, individually and in his    ) | **ORDER** |
| official capacity as State's Attorney for    ) | |
| South Carolina Department of Social Services;    ) | |
|    ) | |
| Defendants.    ) | |
| _____ ) | |

This matter is before the court on Plaintiff David A. Bardes' ("Plaintiff") objections to the Report and Recommendation ("R&R") of a United States Magistrate Judge. The Magistrate Judge recommended that Plaintiff's claims be dismissed because Plaintiff presents substantially the same issues already dismissed in a previous action and because the court does not have jurisdiction over the claims. Having reviewed the entire record, including Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## STANDARD OF REVIEW

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole

or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow for the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Nevertheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

## ANALYSIS

The claims arise out of child support proceedings involving Plaintiff in South Carolina family court. After reviewing Plaintiff's complaint, the Magistrate Judge recommended that the court dismiss the complaint because Plaintiff presents substantially the same issues this court already adjudicated and dismissed against these Defendants in *Bardes v. Magera*, No. 08-CV-487, 2009 U.S. Dist. LEXIS 91441 (D.S.C. September 30, 2009), and because the court does not have jurisdiction over the claims. Plaintiff filed timely objections, arguing that "[t]his current case is uniquely different from *Bardes [v.] Magera et. al.* in that this new case delves into the discrimination issues by the State and the resulting loss of Eleventh Amendment immunity. This is not covered in *Bardes v. Magera. et. al.*" (Objections at 3.) Even if Plaintiff's allegations against the Defendants differ from those he asserted against them in his previous suit, he could have brought his claims against these Defendants in that previous case against them. Therefore, he is precluded from continuing with this

action under the doctrine of res judicata.

For the doctrine of res judicata to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *Martin v. Am. Bancorporation Retirement Plan*, 407 F.3d 643, 650 (4th Cir. 2005). The doctrine of res judicata not only bars claims that were actually litigated in a prior proceeding, but also claims that could have been litigated. *Pueschel v. United States*, 369 F.3d 345, 355–56 (4th Cir. 2004). The court finds the elements for res judicata are satisfied in this case because this court's decision to dismiss Plaintiff's claims against these Defendants in its September 30, 2009 order was a final judgment on the merits; the parties are identical in both actions; and the claims in both actions arise out of the same core of operative facts—his dealings with a South Carolina family court and DSS with respect to child support he was ordered to pay. Because Plaintiff could have asserted his current claims against the Defendants in his prior lawsuit, the court agrees with the Magistrate Judge's recommendation and finds the doctrine of res judicata precludes Plaintiff's current suit..

## CONCLUSION

For the foregoing reasons, the court **DISMISSES** Plaintiff's complaint.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**April 12, 2010**
**Charleston, SC**